■ PHILIPP BROTHERS, DIVISION OF MINERALS & CHEMICALS PHILIPP CORP., Appellant, v. GLASER LEAD CO., INC., Respondent.—Order, entered on May 6, 1963, unanimously affirmed, with $30 costs and disbursements to the respondent. No opinion. Order entered March 18, 1964, vacating and annulling a warrant of attachment and denying the cross motion to vacate the order to show cause by which the motion to vacate and annul the warrant of attachment was brought and which confirmed the report of a Special Referee, unanimously reversed, on the law and the facts and in the exercise of discretion, with $30 costs and disbursements to the appellant, and the warrant of attachment rein-

stated. The warrant of attachment was properly granted on sufficient supporting evidence. The main issue to be determined is whether or not plaintiff is estopped from pursuing its remedies under the warrant of attachment by reason of the conduct of plaintiff's attorney while attending a meeting of defendant's creditors. On July 26, 1962, plaintiff obtained a warrant of attachment. Defendant was served with a summons and complaint on July 30, 1962. Subsequently, defendant, finding itself in financial distress, retained counsel who called an informal meeting of creditors for September 17, 1963, to discuss the matter. On the day of the meeting plaintiff, without the knowledge of the other creditors, or the defendant, entered default judgment against defendant. At the meeting the creditors were advised by defendant's attorney that he would not permit any one creditor to gain a preference over any other creditor and that if the creditors would co-operate a settlement would be worked out for the benefit of all. There was also testimony by an attorney for one of the other creditors that he was told by plaintiff's attorney at the meeting that he would do absolutely nothing so far as the warrant of attachment was concerned without first consulting and advising him. A petition in bankruptcy was filed against defendant on January 4, 1963, and defendant was adjudicated a bankrupt on February 21, 1963. While plaintiff's attorney admits attending the meeting, he denies that he actively participated and maintains he attended as an observer. The record does not admit of any agreement by plaintiff's attorney to forebear foreclosing on its warrant of attachment. The conduct of plaintiff's attorney was not such as would bind the plaintiff and estop it from executing under its attachment. Motion for a stay dismissed, as academic, inasmuch as the determination on the appeal released herewith, reinstates the warrant of attachment. Concur — Botein, P. J., Breitel, Rabin, Eager and Staley, JJ.